GLR/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

ARLENE MACK,

        Plaintiff,

v.

                                    CIVIL ACTION

                                    No: 05-2519-CM-GLR

SECURITAS SECURITY,

        Defendant.

## ORDER

On December 12, 2005, *pro se* Plaintiff Arlene Mack filed her Complaint (doc. 1) asserting claims for employment discrimination under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act ("ADA"). Plaintiff also filed an Application for Appointment of Counsel in an Action Under Title VII of the Civil Rights Act of 1964 (doc. 3), in which she requests that the Court appoint her counsel.

In the Tenth Circuit, the standards for appointing counsel in a Title VII case are well established. Although a plaintiff has no constitutional or statutory right to appointed counsel, the district court may, at its discretion, appoint counsel for a plaintiff "in such circumstances as the court may deem just."[1] The discretion granted to the court is extremely broad.[2]

The Tenth Circuit has identified four relevant factors for evaluating motions for the appointment of

---

[1] 42 U.S.C. § 2000e-5(f)(1); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1420-22 (10th Cir. 1992). See also 42 U.S.C. § 12117(a) (incorporating the "powers, remedies, and procedures" set forth in sections 2000e-4 through 2000e-9 of Title VII, including the provision for appointing counsel for a plaintiff).

[2] *Caster,* 979 F.2d at 1420.

counsel in Title VII cases.[3]   Before the Court may appoint counsel, the "plaintiff must make affirmative showings of (1) financial inability to pay for counsel; (2) diligence in attempting to secure counsel; and (3) meritorious allegations of discrimination."[4]   In addition, "plaintiff's capacity to present the case without counsel should be considered in close cases as an aid in exercising discretion."[5]   Any one of these factors may be determinative in a given case.[6]

To aid the Court in evaluating whether plaintiff has made an affirmative showing of meritorious allegations of discrimination, if a plaintiff's discrimination complaint appears legally sufficient on its face, "a court ordinarily should review the Equal Employment Opportunity Commission investigative file" to help determine whether the case has merit.[7]   In accordance with this directive, the Court entered an Order for Reproduction of Records of the Equal Employment Opportunity Commission (doc. 7) directing the Equal Employment Opportunity Commission ("EEOC") to produce "all records pertaining to the EEOC claim filed by Plaintiff against Defendant in the above-referenced action."

On January 30, 2006, the Court received a letter from the EEOC in response to its Order. The EEOC's letter states that it does not have a "closed charge file" to provide as ordered. The letter further states that:

> Ms. Mack has submitted 2 questionnaires to our office with regard to Securitas Security. The first one we closed in February of 2004 without our treating it as a charge and without our issuing a Notice of Right to Sue. The current one was

---

[3] *Id.* at 1421.

[4] *Id.*

[5] *Id.*

[6] *Darden v. Illinois Bell Tel. Co.*, 797 F.2d 497, 501 (7th Cir. 1986).

[7] *Castner,* 979 F.2d at 1422.

received in our office in December of 2005, is still an open inquiry, and has been assigned to an investigator for further processing.

The Court's review of Plaintiff's Complaint, specifically paragraph 18, reveals that although Plaintiff indicated that she had received (and attached) a Notice of Right to Sue letter from the EEOC on September 23, 2005, no such letter is attached to Plaintiff's Complaint.

Based upon the EEOC's letter advising that it has not issued a Notice of Right to Sue letter to Plaintiff against Defendant and Plaintiff's failure to attach a copy of the September 23, 2005 Notice of Right to Sue letter referenced in paragraph 18 of her Complaint, the Court questions whether Plaintiff has obtained a Notice of Right to Sue letter against Defendant. Under Title VII, a plaintiff must obtain a right to sue letter from the EEOC as a prerequisite to suit.[8] ADA claims require the same exhaustion of remedies with the EEOC.[9]

To enable the Court to properly determine whether to appoint counsel for Plaintiff in this case, the Court orders Plaintiff to file with the Court a copy of her Notice of Right to Sue letter no later than **March 17, 2006.**

**IT IS THEREFORE ORDERED** that Plaintiff shall file a copy of her Notice of Right to Sue Letter with the Court no later than **March 17, 2006.** Failure to comply with this Order may result in the denial of Plaintiff's Application for Appointment of Counsel.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 17th day of February 2006.

---

[8]*See* 42 U.S.C. § 2000e-5(f)(1); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 797-98 (1973).

[9]42 U.S.C. § 12117(a) (adopting the powers, remedies, and procedures set forth in sections 2000e-4, 2000e-5, 2000e-6, 2000e-8, and 2000e-9 of Title VII).

s/ Gerald L. Rushfelt
Gerald L. Rushfelt
United States Magistrate Judge

cc: All counsel and *pro se* parties